## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KENNETH EBBE | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| CONCORDE INVESTMENT SERVICES, | ) | |
| LLC; WESTMINSTER FINANCIAL | ) | |
| SECURITIES, INC., WESTMINSTER | ) | |
| FINANCIAL ADVISORY CORP., | ) | |
| RICHARD G. CODY & JILL M. CODY | ) | |
| a/k/a JILL M. TRAMONTANO | ) | |
| | ) | |
| Respondent | ) | |
| _____ | ) | |

## PETITIONER'S MOTION TO VACATE IN PART AND CONIRM IN PART FINRA ARBITRATION AWARD

Pursuant to Sections 9 and 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §1, *et seq.*, Petitioner Kenneth Ebbe moves to vacate in part and confirm in part an arbitration award issued by the Financial Industry Regulatory Authority ("FINRA").[1]  A Memorandum in support of this Motion has been filed herewith.

## THE PARTIES

1.     Petitioner Kenneth Ebbe ("Ebbe" or "Petitioner") is a Massachusetts citizen and resides in Rockland, Massachusetts.

---

[1] "Section 6 of the Federal Arbitration Act directs that 'any application to the court hereunder [motion to vacate or confirm] shall be made and heard in the manner provided by law for the making and hearing of motions." 9 U.S.C. § 6.  Thus the moving party shall file "an appropriately titled motion to vacate or modify the award, along with a memorandum of law and any supporting affidavits and documents, in accordance with [U. S. District Court for Massachusetts] Local Rule 7.1 (b)." See CINDY-MARIE ROGERS V. AUSDAL FINANCIAL PARTNERS, INC., AND JOAN NORTON Civil Action No. 15-12899-FDS (D. Mass., October 14, 2015).  The Federal Rules of Civil Procedure have been found not to apply to motions to vacate or confirm arbitration awards.  Id.

2.      Respondent Concorde Investments Services, LLC ("Concorde") is a broker dealer registered with the Securities and Exchange Commission and FINRA since August 2010. Concorde has a principal office at 19500 Victor Parkway, Livonia, Michigan, and is registered in all 50 states.

3.      Respondent Westminster Financial Services, Inc. ("Westminster") is a broker dealer registered with the Securities and Exchange Commission and FINRA since 1987. Westminster has a principal office at 40 North Main Street, Dayton, Ohio, and is registered in all 50 states.

4.      Respondent Westminster Financial Advisory Corporation ("Westminster Advisory") is a registered investment advisory with the Securities and Exchange Commission under the Investment Advisors Act of 1940.  Westminster Advisory has a principal office at 40 North Main Street, Dayton, Ohio.

5.      Respondent Richard G. Cody ("Cody") is a resident of Florida with upon information and belief a last known address of 2866 Sydney Street, Jacksonville, FL 32205.

6.      Respondent Jill M. Cody a/k/a Jill M. Tramontano is a resident of New Jersey with upon information and belief a last known address at 308 Birch Drive, Neptune, NJ 07753.

## JURISDICTION AND VENUE

7.      This Court also has jurisdiction pursuant to 28 U.S.C. §1332 as there is complete diversity of the parties.  This Court also has jurisdiction over these proceedings pursuant to 29 U.S.C. §1331 as this action arises under the Federal Arbitration Act ("FAA"), 9 U.S.C. §1, et seq.

8.      Venue is proper in this District pursuant to 9 U.S.C. § 10 and 28 U.S.C. § 1391 as this is the judicial district wherein the arbitration award was made.

## BRIEF SUMMARY OF FACTS AND PROCEEDINGS

9.      Ebbe was employed by Verizon from 1969 until he accepted an early retirement in 2002.

10.     In 2002, Ebbe cashed out both his Pension and his 401k (together, the "Verizon Retirement Package") for a total of $498,000.

11.     In 2002, Richard Cody began serving as Ebbe's broker and financial advisor. Ebbe invested his entire Verizon Retirement Package with Cody, who at the time was affiliated with Leerink Swan and Company, Inc.  From 2002 through 2016, Ebbe kept his retirement accounts with Cody as Cody moved from one brokerage firm to another.[2]

12.     Beginning in 2002, Ebbe began receiving monthly distributions from his retirement accounts with Cody. These payments were about $3,000 after tax withholding.  When Ebbe starting receiving social security in 2009, he reduced the monthly distributions to approximately $2,500 (after tax withholding) per month.   Between 2002 and 2016, Ebbe occasionally made other withdrawals for one-time expenses, which all together totaled approximately $22,000.

13.     Cody visited Ebbe's house approximately three times per year to do an account review.  These meetings continued unabated even during Cody's year-long suspension from January through January 2014, of which Ebbe had no knowledge.  During these meetings, Cody regularly told Ebbe that his investments were holding their value and that he was on track for a well-funded retirement.  During these account reviews, Cody also routinely told Ebbe that he had

---

[2] Cody's history of association with various registered broker-dealers and/or investment advisers is as follows: Merrill Lynch, Pierce, Fenner & Smith, Inc. (March 1997 - December 2000); Salomon Smith Barney, Inc. (September 2000 - November 2001); Leerink Swan & Company, Inc. (December 2001 - May 2005); GunnAllen Financial, Inc. (May 2005 - March 2010); Westminster Financial Securities, Inc. and Westminster Advisory Corporation (March 2010 through March 2013); Concorde Investment Services and Concorde Asset Management, LLC (March 2014 – August 2016), and IFS Securities, Inc. (August 2016 – September 2016).

arranged his investments so that Ebbe was taking monthly distributions of only interest earnings generated by his retirement accounts, thus not reducing the principal.

14.     Cody visited Ebbe's home in early 2016 to meet with him and other members of his family who invested through Cody. During this meeting, Ebbe, as he always did, asked Cody how much money he had left in his retirement accounts.  Cody told him that he had $489,000, and then showed Ebbe the top 2-3 inches of a paper in his briefcase that reflected an account balance of $489,000.

15.     Cody provided a 2015 Form 1099 to Ebbe for his retirement accounts.  This 2015 Form 1099 reported that Ebbe received over $30,000 in taxable distributions and had over $2,700 in income tax withheld.

16.     In September 2016, Ebbe learned through Concorde that his retirement account in fact had zero dollars in it.

17.     When Ebbe's retirement account was transferred to Westminster in March 2010, it had an approximate value of $144,240. When the retirement account was transferred from Westminster to Concorde in January 2013, it had an approximate value of $59,175.79.  By January 2015, while the retirement account was still with Concorde, it had essentially no value.

18.     On December 12, 2016, the SEC filed an action against Richard Cody in this Court for fraudulent misrepresentations made to his customers, including Ebbe.  *SEC v. Richard G. Cody*, 2016-cv-12510.

19.     On September 26, 2017, the United States Department of Justice filed a criminal action in this Court against Richard Cody for investment advisor fraud committed with regard to his customers, including Ebbe.  *United States v. Richard G. Cody*, 2017-cr-10291.   On

November 9, 2018, Cody plead guilty to all counts, and sentencing is currently set for February 2, 2019.

20.     On August 2, 2017, Ebbe filed a Statement of Claim (SOC) with FINRA against Respondents, asserting claims for, inter alia, negligence, breach of fiduciary duty, violations of Rule 10(b)(5), failure to supervise and violations of State and Federal Control Persons Statutes. All of the misconduct alleged in the SOC occurred between March 2010 and July 2016 when Ebbe's retirement account was managed by Cody while he was affiliated with Westminster, Westminster Advisory or Concorde.  See Memorandum in Support of Motion at Ex. 1.

21.     A four day arbitration was held from October 16, 2018 through October 19, 2018. At the conclusion of the hearing, Ebbe requested reliance damages for 1) the amount that he continued to withdraw from his retirement account after March 2010 ($144,000) based on the false assumption that his distributions were not reducing principal, and 2) lost income from March 2010 through July 2017 based on the false assumption that he had half a million dollars in his retirement account ($374,400).   Ebbe did not request any other form of compensatory damages.

22.     On November 20, 2018, the arbitration panel issued its award (the "Award").  The panel awarded Ebbe $286,096.00 in compensatory damages against Richard Cody and Jill Cody jointly and severally.  The panel denied any relief against Westminster, Westminster Advisory and Concorde.  See Memorandum in Support of Motion at Ex. 2.

23.     All of the conduct for which Richard Cody and Jill Cody were found liable occurred within their scope of duty as brokers registered with Westminster, Westminster Advisory and Concorde.  The arbitration panel committed a manifest disregard of the law when it failed to apply the doctrine of respondeat superior to Westminster, Westminster Advisor and

Concorde. Furthermore, for the same reasons, the arbitrators so imperfectly executed their powers in failing to apply the law of respondeat superior that this apart of the Award must be vacated under the FAA.

24.     No party requests the Court to vacate the award against Richard G. Cody and Jill M. Cody, therefore this part of the Award should be confirmed.

## RELIEF REQUESTED

Petitioner Kenneth Ebbe hereby requests this Court to:

A. Confirm the award of $286,096.00 against Richard Cody and Jill Cody, jointly and severally;

B. Vacate the denial of any relief against Westminster, Westminster Advisory and Concorde; and,

C. Remand to FINRA dispute resolution for further proceedings consistent with this order.

## REQUEST FOR ORAL ARGUMENT

Petitioner Kenneth Ebbe requests a hearing on the Motion to Vacate in Part and Confirm in Part FINRA Arbitration Award.

Respectfully submitted,
**KENNETH EBBE**,
By his attorneys,

/s/ John A. Mangones
John A. Mangones, BBO#676107
Godbout Law PLLC
33 Broad St., 11th Fl.
Boston, MA 020109
(617) 523-6677
john@bjgalaw.com

Dated: February 14, 2019

## <u>CERTIFICATE UNDER LOCAL RULE 7(1)(A)(2)</u>

Pursuant to Local Rule 7.1(A)(2), the undersigned counsel for Kenneth Ebbe hereby certifies that he conferred with counsel for Respondents Concorde Investment Services, Westminster Financial Securities, Inc. and Westminster Financial Advisory Corp. regarding the subject matter of Respondent's Motion to Vacate in Part and Confirm in Part FINRA Arbitration Award in various correspondence but the parties could not resolve or narrow the issues.

/s/ John A. Mangones_____
John A. Mangones, BBO#676107
Godbout Law PLLC
33 Broad St., 11th Fl.
Boston, MA 020109
(617) 523-6677
john@bjgalaw.com