UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KENNETH EBBE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action File No. 1:19-CV-10289 |
| | ) | |
| CONCORDE INVESTMENT SERVICES, LLC, *et al*, | ) ) | |
| | ) | |
| Respondents. | ) | |

## WESTMINSTER'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONFIRM FINRA ARBITRATION AWARD

Respondents Westminster Financial Securities, Inc. and Westminster Financial Advisory Corporation (collectively, "Westminster") submit this Memorandum of Law in support of their Motion to Confirm FINRA Arbitration Award. Westminster requests that this Court issue an order pursuant to 9 U.S.C. § 9 confirming that portion of the FINRA Arbitration Award issued in favor of Westminster on November 20, 2018 by a panel of three arbitrators in the arbitration brought by Kenneth Ebbe against Richard Cody, Jill Cody, Concorde Investments Services, LLC, Westminster Financial Securities, Inc. and Westminster Financial Advisory Corp (the "Award").[1]

### I. BACKGROUND

This matter arises in response to an Arbitration Award issued on November 9, 2018 following a four-day arbitration in October 2018 in Boston, Massachusetts in front of a three-person arbitration panel under the auspices of and in accordance with the rules of the Financial Industry Regulatory Authority ("FINRA") Office of Dispute Resolution. The Award separately awarded against Respondents Richard Cody and Jill Cody the sum of $286,096 of the $518,400

---

[1] A copy of the Award is attached as Exhibit A.

1

(plus punitive damages) Petitioner sought, with all claims against Westminster and Respondent Concorde Investment Services, LLC ("Concorde") being denied. Petitioner Kenneth Ebbe ("Petitioner") is seeking herein vacatur of that portion of the Award denying relief against Westminster and Concorde. The Award, however, is well-founded in both law and fact and should be confirmed as to Westminster.[2]

Indeed, based on the evidence presented during a full evidentiary hearing spanning four hearing days, Westminster argued – and the Arbitration Panel presumably agreed – that there is no evidence that Petitioner incurred compensable damages while he maintained his account at Westminster. Westminster also urged the Panel to find that Petitioner failed to prove that Respondent Richard Cody engaged in the conduct complained of while he was registered with Westminster.

The fact of the matter is that Petitioner claimed in the Arbitration that Richard Cody defrauded him during the entire time he maintained a professional relationship with Richard Cody. That relationship lasted 15 years from 2002 through 2016. Petitioner's account relationship at Westminster only spanned three years between 2010 and 2013, and neither the SEC, FINRA nor Petitioner identified any documentary evidence of misconduct by Richard Cody while he was registered with Westminster. This evidence (or lack thereof), coupled with the fact that the Arbitration Panel awarded damages to Petitioner against Respondents Richard Cody and Jill Cody in an amount far different than that requested (and wholly unrelated to the performance of the account at Westminster), while denying the claims against Westminster in their entirety, demonstrates that it is certainly possible, indeed likely, that the award against the Cody

---

[2] Westminster is separately filing a Brief in Opposition to Petitioner's Motion to Vacate. Rather than regurgitating the facts and law set forth therein, Westminster's Brief in Opposition is incorporated by reference herein as though fully rewritten.

2

Respondents was based on conduct occurring at a time other than when Cody was affiliated with Westminster.

Moreover, even if the Arbitration Panel was somehow convinced that Richard Cody engaged in misconduct while registered with Westminster (despite the dearth of any supporting evidence whatsoever), it is certainly possible that the Panel could have concluded based on the evidence that his actions were expressly prohibited by Westminster's policies and procedures and occurred despite the reasonable, suitable and appropriate supervisory system Westminster had implemented. Thus, it is plausible that the Panel determined that Richard Cody's conduct was outside the course and scope of his affiliation with Westminster, and that Westminster could not be vicariously liable therefor – again warranting the Award and undermining any basis for vacatur thereof.

Consequently, since Petitioner, as a matter of well-settled law, cannot call upon this Court to substitute its judgment for that of the Arbitration Panel members who heard and unanimously decided the case, Petitioner's Motion to Vacate should be denied because there are many plausible grounds for the portion of the Award denying the claims against Westminster. And, insofar as the Motion to Vacate fails as a matter of law, that portion of the Award denying the relief Petitioner sought against Westminster should be granted.

## II. **LAW AND ARGUMENT**

### a. **The Award should be confirmed because Petitioner has not set forth any basis to vacate it.**

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, an arbitration award <u>must</u> be confirmed unless it is vacated, modified, or corrected as prescribed in sections 10 and 11 of the FAA. Here, the Award has not been vacated, modified or corrected – nor should it. Indeed, it is well-settled that courts must grant an arbitration panel's decision great deference. *See Cyt Corp.*

3

*v. DEKA Prods., Ltd.,* 439 F.3d 27, 32 (1st Cir. 2006) ("[t]he authority of a federal court to disturb an arbitration award is tightly circumscribed.") The 1st Circuit has explained:

> A court's review of an arbitration award is highly deferential because the parties have contracted to have disputes settled by an arbitrator and thus, it is the arbitrator's view of the facts and the meaning of the contract they have agreed to accept. While the arbitrator's award must draw its essence from the contract as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he has committed serious error does not suffice to overturn his decision.

*See Bull HN Info Sys., Inc. v. Hutson,* 229 F.3d 321, 330 (1st Cir. 2000) (internal quotations omitted) citing *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 37-38, 98 L.Ed. 2d 286, 108 S.Ct. 364 (1987).

As discussed in Westminster's Brief in Opposition to the Motion to Vacate, "section 10 authorizes vacatur of an award in cases of specified misconduct or misbehavior on the arbitrators' part, actions in excess of arbitral powers, or failures to consummate the award." *Advest, Inc. v. McCarthy*, 914 F.2d 6, 8 (1st Cir. 1990). Specifically, the law provides that arbitration awards may be vacated <u>only</u> for the limited reasons provided in Section 10 of the Federal Arbitration Act, 9 U.S.C. §§ *et seq.* Those reasons include:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10 (2008).

These are the <u>only</u> grounds upon which an award can be vacated under the FAA – and none have been asserted here. For that reason alone, this Court should deny Petitioner's Motion to Vacate and grant this Motion to Confirm.

> **b. The Award should be confirmed because the legal authority Petitioner relies on to urge vacatur has been overruled.**

Instead of asserting any of the recognized statutory grounds for vacatur, Petitioner argues that the Award should be vacated because the arbitrators "manifestly disregarded the law" by not holding Westminster vicariously liable for Cody's conduct under the doctrine of *respondeat superior*. "Manifest Disregard of the Law," however, is no longer recognized in the 1st Circuit as a ground for vacating arbitration awards.

In the past, 1st Circuit courts recognized a common law basis for vacatur where the award is: "(1) unfounded in reason and fact; (2) based on reasoning so palpably faulty that no judge, or group of judges, ever could conceivably have made such a ruling; or (3) mistakenly based on a crucial assumption that is concededly a non-fact." *Kashner Davidson Securities v. Mscisz*, 531 F.3d 68, 74 (1st Cir. 2008). The 1st Circuit "subsumed these common law grounds into a general evaluation of whether a panel has acted in 'manifest disregard of the law,'" and further explained that "an award is in manifest disregard of the law if either the award is contrary to the plain language of the contract, or it is clear from the record that the arbitrator recognized the applicable law, but ignored it." *Id*.

The U.S. Supreme Court, however, has held that "the FAA confines its expedited judicial review to the grounds listed in 9 U.S.C. §§ 10 and 11," thus undermining any argument for vacatur based on a purported "manifest disregard of the law." *Hall St. Assocs. V. Mattel, Inc.*, 552 U.S.

5

576, 592, 128 S.Ct. 1396, 170 L.Ed.2d 254 (2008). To that end, the 1st Circuit has very clearly held that:

> [w]here the FAA applies, it may be displaced by state law (if at all) only if the parties have so agreed explicitly. Here, claimants have made no showing that the parties "contemplate[d] enforcement under" [state law] rather than the FAA. Claimants have not pointed to any language in their arbitration agreement indicating that the parties intended that state law would govern vacatur of the arbitration award. Accordingly, we will apply the FAA.

*Ortiz–Espinosa v. BBVA Sec . , of P.R., Inc.*, 852 F.3d 36, 42 (1st Cir. 2017). Thus, absent a written agreement that state law would govern requests to vacate the award, the FAA applies. And where, like here, the FAA applies, the only bases for vacatur are those expressly set forth in the statute. Here, Petitioner does not – because he cannot – point to an agreement to apply state law. Thus, his "manifest disregard" argument is not recognized under the FAA and does not form a basis for vacatur. Therefore, since the Motion to Vacate fails as a matter of law, this Motion to Confirm should be granted.

c. **The Award should be confirmed even if vacatur could be based on a "manifest disregard of the law" because Petitioner cannot make the requisite showing that it occurred here.**

Even if it were to be determined that the First Circuit's manifest disregard case law can be reconciled with the Supreme Court's decision in *Hall Street* (which is not the case), Petitioner's Motion to Vacate still fails as a matter of law because it is clear that the Panel was presented with a substantial amount of evidence that could have plausibly led them to determine that there was no basis for liability as to Westminster under the doctrine of *respondeat superior*. First, there was no documentary evidence presented to the Panel, nor does any documentary evidence exist, showing any wrongdoing by Cody as to Petitioner's accounts while Cody was registered with Westminster. Second, evidence was presented at hearing showing the great lengths to which Westminster went

6

to supervise Cody. Third, Westminster expressly prohibited the very conduct that Petitioner contends occurred.

Based on this evidence, Westminster's expert testified – and Petitioner's own expert ultimately conceded – that Westminster employed best practices in placing Cody under heightened supervision and, in fact, reasonably and appropriately supervised him under the laws, rules and regulations then in effect. Couple this evidence with the fact that the Award against Cody bore no resemblance to the damages requested by Petitioner against Westminster, and it becomes clear that the Panel could have determined that Cody's conduct giving rise to his liability to Petitioner either occurred at a time when he was not affiliated with Westminster, or was outside the course and scope of his affiliation with Westminster if it did occur there, thus defeating any claim for vicarious liability under a theory of *respondeat superior*. Vacatur of the Award in favor of Westminster, therefore, would be improper, and in the absence of vacatur, the law is clear that confirmation is required.

### III. CONCLUSION

For the foregoing reasons, and those set forth in Westminster's Brief in Opposition to Petitioner's Motion to Vacate, Westminster respectfully requests that this Court enter an order pursuant to 9 U.S.C. § 9 confirming the FINRA Arbitration Award issued in favor of Westminster.

Dated: May 3, 2019                     Respectfully submitted,

                                        */s/ Rafael P. McLaughlin*
                                        Rafael P. McLaughlin (BBO # 645077)
                                        Reminger Co., L.P.A.
                                        110 West Berry Street, Suite 1900
                                        Ft. Wayne, Indiana 46802
                                        Phone: (260) 775-2280
                                        Fax: (260) 755-6346
                                        rmclaughlin@reminger.com

                                        Joseph S. Simms (*pro hac vice*)
                                        Zachary R. Durant (*pro hac vice*)
                                        Reminger Co., L.P.A.
                                        101 W. Prospect Ave., Suite 1400
                                        Cleveland, Ohio 44115
                                        Phone: (216) 687-1311
                                        Fax: (216) 687-1841
                                        jsimms@reminger.com
                                        zdurant@reminger.com

                                        *Counsel for Respondents Westminster Financial Securities, Inc. and Westminster Financial Advisory Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that the within document has been electronically filed with the Court on this 3rd day of May, 2019 and will be served on all attorneys of record in this matter via the ECF system.

/s/ *Rafael P. McLaughlin*
Rafael P. McLaughlin (BBO # 645077)